SHERYL K. ITH (SBN 225071)
JENNIFER H. WANG (SBN 242998)
jwang@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
(714) 431-1100; FAX: (714) 431-1145

Attorneys for Movant, ACAR LEASING LTD
d/b/a GM FINANCIAL LEASING

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>KENNETH ORANJE and<br>AMANDA VICTORIA ORANJE,<br><br>**Debtors.** | Case No. 17-41403 RLE<br><br>CHAPTER 7<br><br>RS No: JHW-974 |
| ACAR LEASING LTD d/b/a GM FINANCIAL LEASING,<br><br>**Movant.**<br><br>vs.<br><br>KENNETH ORANJE, AMANDA VICTORIA ORANJE; and MARLENE G WEINSTEIN, Trustee,<br><br>**Respondents.** | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: JULY 26, 2017<br>Time: 2:00 PM<br>Ctrm: 201 |

ACAR LEASING LTD d/b/a GM FINANCIAL LEASING ("Movant") moves this court for relief from the automatic stay based on the following:

1. Debtor Kenneth Oranje entered into a Motor Vehicle Lease Agreement with Movant (the "Contract") for the lease of a 2015 GMC TERRAIN, VIN: 2GKALSEK9F6410124 (the "Vehicle"). The Lease was assigned to Movant in the normal course of business. (Declaration of Angelo J Aguilar, filed herewith; Exhibit "A".)

2. At all times relevant herein Movant was, and is the lienholder of the Vehicle. Attached as Exhibit "B" to the List of Exhibits is the Certificate of Title evidencing Movant's

interest in the Vehicle. (Declaration of Angelo J Aguilar.)

3. Debtors are in default under the terms of the Lease for payments coming due May 15, 2017 through June 15, 2017, each in the amount of $379.28. Attached as Exhibit "C" to the List of Exhibits is a true and correct copy of the Payment History Debtors have with Movant. (Declaration of Angelo J Aguilar.)

4. Pursuant to Debtors' Statement of Intention, the Vehicle will be surrendered. Attached as Exhibit "D" to the List of Exhibits is a true and correct copy of the Statement of Intention.

## MEMORANDUM OF POINTS & AUTHORITIES

Movant is entitled to relief because cause exists to terminate the automatic stay pursuant to 11 U.S.C. §362(d), which states:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the <u>lack of adequate protection</u> of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization." (Emphasis added)

In this case "cause" exists pursuant to 11 U.S.C. §362(d)(1) since Debtor is in default for payments due under the Lease. Additional cause exists since, pursuant to the Statement of Intention filed by Debtors, the Vehicle will be surrendered.

WHEREFORE, Movant prays for an order:

1. Terminating the automatic stay as to Movant, its successors and assigns;

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Vehicle;

3. That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived;

4. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

5. For such other and further relief as the court deems just and proper.

DATED: June 27, 2017          COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By:_____
JENNIFER H. WANG,
Attorneys for Movant